**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Defendants.

Civil Action No. 1:26-cv-3072-SLS

**DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE AND REQUEST FOR RANDOM CASE REASSINGMENT**

Pursuant to Local Civil Rule 40.5(b)(2), Defendants hereby object to Plaintiffs' designation of this case as related to *League of Women Voters v. DHS*, No. 25-cv-3501-SLS. *See* ECF No. 2. Because the Local Rules do not support Plaintiffs' related case designation, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion. *See* LCvR 40.5(c)(1).

This case is not related to the *League of Women Voters* within the meaning of Local Civil Rule 40.5(a). This case cannot satisfy LCvR 40.5(a)(3) because the rule requires both that "the earliest [case] is still pending on the merits in the District Court" and that both cases "involve common issues of fact, or [] grow out of the same event or transaction" LCvR 40.5(a)(3). Both conditions must be met but neither is true here.

*League of Women Voters* is no longer "pending on the merits in the District Court." LCvR 40.5(a)(3). Final judgment was entered in *League of Women Voters* before this case was filed. *See* Order, ECF No. 112, No. 25-cv-03501 (granting summary judgment to Plaintiffs on June 22, 2026,

and "direct[ing] the Clerk of the Court to terminate this case from the active docket:"). At the time this case was filed on September 2, 2026, the merits of *League of Women Voters* had been on appeal for several months. *See* ECF No. 113 (Notice of Appeal). Courts in this district have "adopted a strict position that a case is not 'still pending on the merits in the District Court' if it is on appeal." *Thomas v. Nat'l Football League Players Ass'n*, No. 91-cv-3332, 1992 WL 43121, at *1 (D.D.C. Feb. 18, 1992); *see Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (same); *Boyd v. Farrin*, No. 12-1893, 2012 WL 6106415, at *2 (D.D.C. Dec. 10, 2012) (same). Indeed, Judge Kollar-Kotelly recently rejected a related case designation in a similar posture as this case where the related case was not "pending on the merits" when the plaintiffs "filed their complaints and notices of related case." *DSCC v. Trump*, 828 F. Supp. 3d 1, 5 (D.D.C. 2026) (stating that final judgment on the merits had been issued several days before the second case was filed).

The related case exception for certain dismissed cases in LCvR 40.5(a)(4) does not apply here. LCvR 40.5(a)(4) allows for cases to be deemed related where "a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." *Id.* "Local Rule 40.5(a)(4)'s requirements must be 'interpreted strictly.'" *Wilderness Soc'y*, 2020 WL 2849635, at *3 (citing *Judicial Watch, Inc. v. Rossotti*, No. 02-928, 2002 WL 31100839, at *1. LCvR 40.5(a)(4) is not implicated here because *League of Women Voters* was not dismissed. Rather, it ended with a final judgment on the merits and is undergoing appeal. Further, this case and *League of Women Voters* do not involve "the same parties." LCvR 40.5(a)(4).

"'The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary.'" *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019) (quoting *Dakota Rural Action v. U.S. Dep't of Agric.*, No.

18-2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019). Here, because Plaintiffs cannot establish that the "earliest [case] is still pending on the merits in the District Court," Plaintiffs are "unable to meet the first requirement for designating a case as related under the Local Civil Rules." *DSCC*, 828 F. Supp. 3d at 5-6.

Plaintiffs' failure to meet the first requirement of LR 40.5(a)(3) is sufficient without more to defeat their attempt to relate these cases. However, in addition, Plaintiffs have failed to establish the substantive requirements of Rule 40.5(a)(3) because *League of Women Voters* and this case do not "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3)(ii) & (iii); *see* Dkt. No. 2 (designating this case as related to *League of Women Voters* under Rule 40.5(a)(3)(ii) & (iii)). Cases may be related on the basis of common issues of fact because "if similar factual determinations are involved in two cases, judicial economy is served by nonrandom assignment." *Millard v. Gov't of the District of Columbia*, No. 1:22-cv-2672, 2023 U.S. Dist. LEXIS 34188 at *4 (D.D.C. March 1, 2023). However, "to allow *tangentially* related cases to be assigned to the same judge…would be to decrease 'fair and equal distribution of cases to all judges,' embrace, rather than 'avoid[] public perception or appearance of favoritism in assignments,' and increase, rather than 'reduce[] opportunities for judge-shopping' without a corresponding benefit to judicial economy." *Id.* (quoting *Tripp v. Exec. Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000)). In this instance, the two cases do not involve common issues of fact because they "focus on different events, involve different time periods, and turn on distinct legal theories." *Id.* (cleaned up). *League of Women Voters* concerned the 2025 modifications to the Systematic Alien Verification of Entitlements program ("SAVE") and whether those modifications violated, *inter alia*, provisions of the Social Security Act and the Privacy Act. *See League of Women Voters*, 835 F. Supp. 3d at 105-106. Conversely, this case challenges the Department of

Homeland Security's July 17, 2026, issuance of a letter to the State of California asking the state to identify non-citizens on its voter rolls pursuant to a list of suspected ineligible registrants. *See* Compl. ¶ 51, Prayer for Relief (seeking to enjoin Defendants "from imposing the list matching exercise/voter purge on the State of California" and to "Order Defendant Mullin to rescind the letter directed at the State of California."). Indeed, Plaintiffs assert that "[i]t is unknown to Plaintiffs whether Defendants are utilizing SAVE for the actions that form the basis of this Complaint." *Id.* ¶ 5. Plaintiffs' causes of action similarly do not concern the legality of the SAVE modifications but rather DHS's actions to request cooperation from California based on information obtained from unidentified databases. *See id.* ¶¶ 94-151.

The lack of overlap is even more clear in light of the standard for cases related because they grow out of the same event or occurrence. "Cases are not related under the outgrowth test simply because they involve the same defendant or similar topic areas." *Millard*, 2023 U.S. Dist. LEXIS 34188 at *7. "[T]his prong is reserved for those situations where some event or transaction 'uniquely precipitated this action….'" *Id.* (quoting *Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019). It is apparent that this action arises directly from the issuance of the challenged DHS letter and equally apparent that the letter was not the precipitating event for the much earlier *League of Women Voters* case.

Thus, the legal theories and necessary factual determinations in this case are distinct from *League of Women Voters* and relation would be unjustified even if the latter remained pending.

For the reasons stated above, Defendants move for this matter to be randomly reassigned according to the District's ordinary procedures.

Dated: October 16, 2026

BRETT A. SHUMATE
Assistant Attorney General

ANDREW I. WARDEN
Assistant Branch Director

*/s/Keri L. Berman*
KERI L. BERMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-7538
Facsimile: (202) 616-8460
Email: keri.l.berman@usdoj.gov

*Counsel for Defendants*