**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COALITION FOR HUMANE IMMIGRANT RIGHTS and PEDRO TRUJILLO,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as the Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as the Attorney General,

*Defendants*.

Case No. 1:26-cv-03072

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE AND REQUEST FOR RANDOM CASE REASSIGNMENT**

This Court should overrule Defendants' objection to Plaintiffs' designation of this case as related to *League of Women Voters v. DHS*, No. 25-cv-3501-SLS, because Plaintiffs' suit and the *League of Women Voters* case are related cases.

Under Local Civil Rule 40.5(a)(3), "civil…cases are deemed related when the earliest is still pending on the merits in the District Court and they (ii) involve common issues of fact." LCvR 40.5(a)(3). "When a party objects to a related case designation, 'the matter shall be determined by the judge to whom the case is assigned.'" *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016) (quoting LCvR 40.5(c)(3)). An individual judge's determination on this issue is final and not subject to review. *Id*. at n. 2 (citing Cmt. LCvR40.5(c)(3)).

First, Plaintiffs' case was filed while the *League of Women Voters* case was still pending on the merits. "Courts in this District have explained in the related-case context that, 'except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken because the case would not be appealable absent a final judgment.'" *DSCC v. Trump*, 828 F. Supp. 3d 1, 5 (D.D.C. 2026) (quoting *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000)). Under *Collins v. Pension Ben. Guar. Corp.*, 126 F.R.D. 3, 7 (D.D.C. 1989), the court found that a case can still be pending on the merits even in instances in which there is an approved consent decree. *See also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 19-20 (D.D.C. 2002) (*citing Keepseagle,* 194 F.R.D. at 3) (referencing the situation in *Collins* as an "unusual circumstance" that would be the exception to "the general rule is that a case which has settled is no longer pending on the merits."). There, the court acknowledged that even though a settlement had been reached, "the parties may very well need to litigate issues that must be considered 'merits' issues," emphasizing that even though the "main legal issue … will not be litigated because of the settlement agreement, that does not mean that all future litigation will not involve "merits" determinations." *Collins,* 126 F.R.D. at 7.[1] The court explained that parties may, for example, dispute issues of coverage and scope of a settlement agreement, and any resolution of such disputes "will in effect be an adjudication of the merits." *Id*.

The post-summary judgment litigation in the *League of Women Voters* is analogous to the "unusual circumstances" that the local rules and *Collins* carve out. Although this Court issued a

[1] The court also acknowledged that using the most basic baseline, the matter was still pending on the merits because jurisdiction had been retained and the matter had not been dismissed. *Id*. Such is the case here, where *League of Women Voters v. DHS*, No. 25-cv-3501-SLS, had not been dismissed, and although this Court had ordered the matter removed from the active docket on June 22, 2026, substantial briefing and judicial activity followed that. *See League of Women Voters,* No. 25-cv-3501-SLS*,* ECF No. 112; ECF Nos. 18-132.

summary judgment order, parties were still litigating and awaiting resolution of the scope and proper enforcement of this Court's order until September 28, 2026, when the Supreme Court entered an order for a stay. *See League of Women Voters*, No. 25-cv-3501-SLS, ECF Nos. 126, 128-148. This post-summary judgment litigation as in *Collins* were in effect, arguments on the merits. Therefore, the *League of Women Voters* case was still pending on the merits when Plaintiffs filed their case on September 2, 2026. ECF No. 1.

Second, Defendants are incorrect in their assertion that Plaintiffs' case does not share common facts and common transactions as with the *League of Women Voters* case. *See* ECF No. 24 at 3. Common issues of fact exist when two cases are related to the same "defendants' policies and actions." *See Singh*, 187 F. Supp. 3d at 155. In *Autumn Journey Hospice, Inc. v. Sebelius,* the district court held that multiple cases from different hospice providers challenging the Department of Health and Human Services' hospice cap regulation "share common factual issues and arise out of a common event or transaction—namely, the promulgation of the hospice cap reimbursement regulation." *Autumn Journey Hospice, Inc. v. Sebelius,* 753 F. Supp. 2d 135, 140 (D.D.C. 2010). In *Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157 (D.D.C. 2002), the district court rejected defendants' objections that two cases that arose out of allegations that the federal government/trustee-delegate defendants breached their fiduciary responsibilities towards tribal beneficiaries did not have common issues of fact. *Id.* at 157-160. In doing so, the district court found that facts, including that the Department of the Interior manages the money it collects from leases for both tribes into the same Department of the Treasury account, demonstrated that a common issue of fact existed. *Id.* at 159.

This instant case is similar to *Autumn Journey Hospice, Inc.* and *Assiniboine & Sioux Tribe of Fort Peck Indian Reservation* because Plaintiffs' case and the *League of Women Voters*

*case* arise out of the same agency decision, the use of SAVE and other federal databases against voter registration records to generate alleged non-citizen voter lists. Both cases turn on Defendants' citizen matching system, policy, and actions.

Defendants' characterization that the cases are distinct is incorrect. ECF No. 24 at 4. Plaintiffs are challenging the use of government databases against voter rolls as violations of the Privacy Act of 1974, Administrative Procedure Act ("APA"), and other constitutional violations. *See* ECF No. 1 at p. 25-34. Plaintiffs in *League of Women Voters* also challenge the Department of Homeland Security's use of database matching to identify potential non-citizen voters as violations of the Privacy Act of 1974, the APA, and separation of powers under the Constitution. *See League of Women Voters*, No. 1:25-cv-03501-SLS, ECF No. 61 at ¶¶ 4-6, 196-240. Thus, the cases have similar legal theories.

Further, Defendants' reliance on *Millard v. Gov't of D.C.,* No. 1:22-CV-2672-RCL, 2023 WL 2301927 (D.D.C. Mar. 1, 2023), is also misplaced. In *Millard*, the district court found that the cases focus on different time period because one case focused on "prior arrests and post-arrest retentions, while this complaint focuses on current policies and practices for registration and licensing." *Id.* at *2. Here, both cases focus on the same time period, the Defendants' use and implementation of government databases against voter rolls since 2025. ECF No. 1 at ¶¶ 36-41. The *League of Women Voters* case also focuses on the Executive Branch's 2025 actions and the use of government databases to unlawfully remove lawful voters from voter rolls. *See League of Women Voters*, 1:25-cv-03501-SLS, ECF No. 61, at ¶¶ 131, 157.

Furthermore, Plaintiffs' claims do not have to be identical to share common factual issues. *See Assiniboine and Sioux Tribe of Fort Peck Indian Reservation*, 211 F. Supp. 2d at 160 ("[a]lthough differences may exist between the instant matter and *Cobell*, there are clearly issues

of fact that are common to both cases…"). Accordingly, the cases are not distinct but arise out of the common facts.

For the reasons stated above, Plaintiffs ask this Court to overrule Defendants' objection and retain jurisdiction over this suit.

Dated: October 19, 2026

Respectfully Submitted,

Xavier Becerra**
Senior Advisor and Voting Rights Counsel
108 W. 2nd Street, #310
Los Angeles, CA 90012
Telephone: 310-924-9310
Scheduling.becerra@gmail.com

*/s/ Chad W. Dunn*
Chad W. Dunn (DC Bar No. 987454)
Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org

*Licensed in the State of California, *Motion to appear pro hac vice* granted

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (D.C. Bar No. 1720816)
2351 Hempstead Road
Ottawa Hills, OH 43606
Telephone:310-279-6025
cbergquist@chirla.org

Adam Reese**
2533 West Third Street, Suite 101 Los Angeles, CA 90057
Tel: 213-353-1333
areese@chirla.org
**Licensed in the State of California, *Motion to appear pro hac vice*, forthcoming

**CERTIFICATE OF SERVICE**

I, Chad Dunn, hereby certify that on this 19th day of October 2026, I electronically filed foregoing document with Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter and counsel for Defendants who have yet to file formal notices of appearance via email at Keri.L.Berman@usdoj.gov, Andrew.Warden@usdoj.gov.

_*/s/ Chad Dunn*____________
Chad Dunn