**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**COALITION FOR HUMANE IMMIGRANT RIGHTS**

**PEDRO TRUJILLO**

*Plaintiffs,*

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY**

**MARKWAYNE MULLIN**, *in his official capacity as the Secretary of Homeland Security*

**TODD BLANCHE**, *in his official capacity as the Attorney General*

*Defendants.*

Case No.: 1:26-cv-03072-JEB

**PLAINTIFFS' FIRST SUPPLEMENT TO THEIR EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Now come Plaintiffs and file this First Supplement to their Emergency Application for Temporary Restraining Order and Preliminary Injunction and in support thereof would show the following:

Plaintiffs seek to inform the Court of events that have occurred and/or were discovered since this Complaint was filed on September 2, 2026 (ECF No. 1) and since Plaintiffs' filed their Emergency Application for Temporary Restraining Order and Preliminary Injunction. ECF No. 21.

On the morning of October 15, 2026, Plaintiffs filed their Emergency Application for Temporary Restraining Order and Preliminary Injunction. *See* ECF No. 21. In it, Plaintiffs

referenced a letter DOJ sent to California officials demanding that they perform voter roll list maintenance utilizing an unsecured thumb drive, with a password written on a sticky note, that included a list of approximately 20,000 voter names. *See* Safiyah Riddle & Eric Tucker, *Justice Department threatens California with legal action over claim of noncitizens on voter rolls,* ABC NEWS (Oct. 14, 2026) https://abcnews.com/US/wireStory/justice-department-threatens-california-legal-action-noncitizens-voter-137262192 (A markedly smaller number than the approximately 190,000 in DOJ's demand referenced in the Complaint in this case. *See* ECF No. 1 at ¶ 3.) This demand came despite the Supreme Court having ruled in the *League of Women Voters* case that federal government database matches could be used when 1) a state asked for such information and 2) not within the "moratorium limits" of the NVRA. *See* ECF No. 21 at 3-4 citing *Dept. of Homeland Security, et al. v. League of Women Voters*, 26A308, 2026 WL 2879700, at *1 (U.S. Sept. 25, 2026) (per curiam). With the new DOJ demand letter, California officials faced a 48-hour deadline to acquiesce to the DOJ demand that it engage in voter registration list maintenance within the 90-day NVRA moratorium. *See* ECF No. 21-1, 31-1 at 3.

Also on October 15, 2026, California Secretary of State Shirley Weber responded to the Department of Justice's new demand that her office review, within 48 hours, the list of voters the DOJ. *See USA v. California et al.*, No. 2:26-cv-12025 (C.D. Cal. October 15, 2026), ECF No. 31-1 at 3. Secretary Weber responded by stating that voting was underway, and she asserted that the request was unlawful. *Id.* (Apparently, since August 2026, the California Secretary of State's office has received federal grand jury subpoenas for voter records of around 300 individuals and has provided, or is in the process of providing, responsive records. *Id.* at ECF No. 31-1 at 2. Other counties in California, such as Orange and San Diego County, have also received similar subpoenas. Jeanne Kuang & Ana B. Ibarra, *Trump sues California over allegations of noncitizens*

*registering to vote*, CAL MATTERS (Oct. 15, 2026) https://calmatters.org/politics/2026/10/trump-sues-california-voting/).

In response to Secretary Weber's letter, also on October 15, 2026, the United States filed a lawsuit against the State of California, California Secretary of State Weber, and Los Angeles County Registrar-Recorder Dean Logan in the Central District of California. *See USA v. California et al.*, No. 2:26-cv-12025, at ECF No. 1. This suit demands, among other things, that election officials sequester ballots from voters on Defendants' list. DOJ's civil lawsuit comes after the weeks of threats of criminal prosecution to California election officials and voter citizens that are described in Plaintiffs' Complaint. *See e.g.,* ECF 1 at 11-17. That following day, DOJ sent a follow-up letter to California Secretary of State Shirley Weber and Los Angeles County Registrar-Recorder, stating that with respect to segregating the ballots that the "legal consequences for either facilitating or ignoring a federal crime are significant." *USA v. California,* No 2:26-cv-12025, ECF No. 31-2 at 13. All of this has been well publicized in media throughout the state.

Meanwhile also on October 15, in this case, the earlier assigned judge, ordered the parties to file a joint report proposing a schedule for briefing. *See* Minute Order (Oct. 15, 2026). On October 16, 2026, the Defendants, in the filed joint report, stated that "[t]here is no threat or actual or imminent harm to Plaintiffs and therefore no justification for considering Plaintiffs' motion on an emergency basis…unless and until there is an order from the Central District of California compelling California to comply, including any potential stays and appeals, there is no genuine, actual, or imminent threat of harm to any Plaintiff." ECF No. 22 at 2-3.

Nevertheless, on October 16, 2026, President Trump tweeted out "They will all go to jail for a long period of time!!!" referencing the DOJ's letter to Los Angeles County that warned the County that if they tabulate the votes of alleged non-citizens they could potentially face federal

criminal prosecution. *See* @realDonaldTrump (Truth Social Oct. 16, 2026), https://truthsocial.com/@realDonaldTrump/posts/117453415283228242. Additionally, First Assistant United States Attorney Bill Essayli for the Central District of California stated in a social media post related to the DOJ's lawsuit against California that "The 20K represents the number of noncitizens confirmed by a review of federal databases. This has been confirmed by @USCIS and @HSI_HQ." @USAttyEssayli (X.com Oct. 16, 2026), https://x.com/USAttyEssayli/status/2111192176046796897?ref_src=twsrc%5Etfw%7Ctwcamp%5Etweetembed%7Ctwterm%5E2111192176046796897%7Ctwgr%5E64d345a9d156c2a7d14686f854e113937c901650%7Ctwcon%5Es1_&ref_url=https%3A%2F%2Fpjmedia.com%2Fcatherinesalgado%2F2026%2F10%2F17%2Fessayli-destroys-sen-padillas-pathetic-election-fraud-excuse-n4958401.

California election officials, voters and Plaintiffs live under these threats despite the fact they are based on an unlawful and unconstitutional effort by federal officials to usurp state power over elections, commandeer state officials, and violate the NVRA moratorium the Supreme Court just recently reemphasized. Defendants seek to usurp and command state authority over voter roll list maintenance and determination of voter eligibility despite the fact such powers are expressly granted to state and local officials.

On October 19, 2026, the DOJ announced that twenty-eight lawful permanent residents in California were being charged with federal crimes related to fraudulently registering to vote in U.S. elections. (Exhibit 1). These charges come despite DOJ's long-standing policy not to bring election related criminal actions in the lead up to an election. The timing, place and manner of these arrests only further instill fear in Plaintiffs, voters and election officials, a likely intended result. Brittny Mejia & Kevin Rector, *California residents accused by feds of voter fraud react*

*with shock, confusion and anger*, LOS ANGELES TIMES (Oct. 19, 2026) https://www.latimes.com/california/story/2026-10-19/california-voter-fraud-charges-defendants-react. This is intention is made even more clear by the simultaneous "surge in federal immigration raids" in California. Melissa Gomez, *Surge in ICE raids is aimed at discouraging voter turnout, immigration advocates say*, LOS ANGELES TIMES (Oct. 16, 2026) https://www.latimes.com/california/story/2026-10-16/surge-in-ice-raids-is-aimed-at-discouraging-voter-turnout-immigration-advocates-say.

Then, after arguing to this Court that there was no imminent threat of harm, on October 19, 2026, the Department of Justice filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue in *USA v. California et al.*, No. 2:26-cv-12025 (October 19, 2026), ECF No. 22-1; ECF No. 22-2. (Exhibit 2). The basis of the requested relief relies on the database comparison activities Plaintiffs challenged in their Complaint before this Court. The TRO request included declarations from persons at U.S. Citizenship and Immigration Services (USCIS) and the Department of Homeland Security (DHS). *See id.* at ECF No. 22-4 (Exhibit 4). These declarations provide some information on how the DHS, through the Fraud Detection and National Security Directorate (FDNS) "analyzed the original [California voter] file and then enhanced the data with third-party data. FDNS then manually reviewed the data with immigration officials who are trained to determine citizenship status." *Id.* at ECF No. 22-4 at ¶ 22 (Exhibit 4). For example, the Assistant Director for the Cyber and Operational Technical section at Homeland Security Investigations (HSI) stated that "FDNS developed a model that uses information from the voter roll and combines it with information from a reliable third-party data analytics and investigative platform to learn more about the individuals…FDNS then compares the enhanced voter file data to USCIS holdings to score the

extent to which the individual profile matches an individual within DHS holdings." *Id.* at ECF No. 22-3 at ¶ 15. (Exhibit 3).

In the proposed order with the TRO request, (*Id.* at ECF No. 22-8 [Exhibit 5]), DOJ asked the Court (pending a hearing on an order to show cause) to enjoin Secretary of State Weber and Dean Logan: "to segregate all vote-by-mail ballots received from individuals on the list provided to DEAN C. LOGAN" and "… to confirm the citizenship of person who sent a segregated vote-by-mail ballot." *Id.* This order would apply to the *ongoing* election occurring in California, for which ballots have been mailed out to voters for over two weeks. There is no cause for such disruption and Defendants have made no showing that should any noncitizen later be proven to have voted, such vote could not be successfully challenged during the election in process, in for example, an election contest or recount.

Despite the threatening rhetoric of criminal prosecution, during an October 19, 2026 press conference, Acting Deputy Attorney General Trent McCotter stated "[w]e want California to work with us. There may be some names on there who it turns out ultimately are citizens. We're not perfect." USAO Central District of California, *Operation Protect the Vote Announcement* (Youtube Oct. 19, 2026) at 20:20-20:28, https://www.youtube.com/watch?v=zmZq3DrhwOM. An admission that election officials throughout the state face fear of federal criminal prosecution based on admittedly "not perfect" information.

What demands have been sent to other county officials and which are working from these "not perfect" lists are unknown to Plaintiffs. But the harm from Defendants' attempts to undertake election activities and powers the Constitution and Congress did not grant them is clear. DHS, through USCIS and FDNS, "continue to analyze additional potential noncitizen voter records through the... multilevel review process. For example, USCIS has identified a separate batch of

more than 17,000 voting records potentially tied to noncitizens after an initial review of voter rolls." *Id.* at ECF No. 22-4 at ¶ 23. (Exhibit 4).

To make matters worse, on October 19, 2026, Dr. Jerome Corsi and John "Rich" Richards, who is the owner of ELLY, a software that cross references voter registration records with other third party data, appeared on a YouTube program together where it was announced that access to ELLY had been given to the Department of Homeland Security and the DOJ and that "they are using the tool themselves to do their criminal investigations." *See* Wayne Allyn Root, *Exposing Election Fraud Ep. 2| The Software to End the Election Fraud Debate!* (Youtube, Oct. 19, 2026,) at 16:15-16:28, https://www.youtube.com/watch?v=7ReV0e3HIjU.

On October 20, 2026, Peter Ticktin, the founder of the Ticktin Law Group went on a Youtube program and stated that he counseled the President of the United States regarding the Elly program that Rich Richards has developed. *See* Wayne Allyn Root, *Exposing Election Fraud Ep. 3| Virtual/Fake Residences, and The "Voters" Who Use Them* (Youtube, October 20, 2026) at 5:00-5:28, https://www.youtube.com/watch?v=8kpCZYY2e1I. Defendants are utilizing unproven software and systems to compile lists of people it believes are noncitizen registered voters and then are taking those lists to state and county officials and threatening them with criminal consequences if they do not engage in list maintenance activities, within the moratorium period, while voting is underway.

As the Complaint in this case explains, these database activities are fraught with error. An expert in such methodologies has further described the problems in the declaration attached as Exhibit 6. Indeed, a sample review has already shown errors in DHS' list, with indications that some on the list were likely born in the U.S. Miles Parks & Jude Joffe- Block, *Some on DOJ's 20,000 "likely" noncitizen list in Calif. appear to be U.S.-born*, NPR (Oct. 20, 2026, 10:15pm)

https://www.npr.org/2026/10/20/nx-s1-6009873/california-doj-voter-rolls-noncitizens. Meanwhile, voters, like Plaintiffs' members, have no way to know which are caught on these lists and which may be subjected to detention, arrest and/or prosecution should they vote.

Plaintiffs respectfully request that this Court temporarily restrain and/or preliminarily enjoin Defendants as follows:

1. Declare that Defendants have acted unconstitutionally in violation of the Elections Clause, separation of powers and anticommandeering doctrine and have further acted unlawfully and ultra vires in violation of the APA and the NVRA by issuing demands and threats that California and/or its state and local election officials: (i) remove lists of registered voters from voter registration lists; (ii) refuse to issue ballots to such voters; and (iii) segregate (and ultimately not count) ballots cast by such voters;

2. Enjoin Defendants from continuing to unconstitutionally and unlawfully seek to induce California election officials to undertake a "program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters" within 90 days of the election in violation of the NVRA moratorium, specifically 52 U.S.C. § 20507(c)(2)(A));

3. Enjoin Defendants from continuing to unconstitutionally and unlawfully impose themselves upon election administration procedures that the Constitution and federal law assign to the States, including as to: (i) removal of registered voters from voter registration lists; (ii) issuance of ballots to registered voters; and (iii) the counting and tabulation of ballots.

Plaintiffs request the Court receive Defendants' Response, already due under the current Court ordered schedule, this Friday. Plaintiffs would file their Reply on Monday. Plaintiffs request, if the Court requires any further evidence, that it schedule an evidentiary hearing on Tuesday and

require Defendants to bring knowledgeable witnesses, including those who signed the declarations referenced above, to explain the list compilation events at issue in this case and to consider other evidence offered by the parties.

October 21, 2026

Respectfully submitted,

*/s/ Chad W. Dunn*
Chad W. Dunn (D.C. Bar No. 987454)
Sonni Waknin*
Bernadette Reyes*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org

Xavier Becerra**
Senior Advisor and Voting Rights Counsel
108 W. 2nd Street, #310
Los Angeles, CA 90012
Telephone: 310-924-9310
Scheduling.becerra@gmail.com

COALITION FOR HUMANE IMMIGRANT RIGHTS
Carl Bergquist (D.C. Bar No. 1720816)
2351 Hempstead Road
Ottawa Hills, OH 43606
Telephone: 310-279-6025
cbergquist@chirla.org

Adam Reese**
2533 West Third Street, Suite 101
Los Angeles, CA 90057
Telephone: 213-353-1333
areese@chirla.org

*Licensed in the State of California, *Motion to appear pro hac vice* granted

***Licensed in the State of California, Motion to appear pro hac vice forthcoming*

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, a true and correct copy of the foregoing was filed via the CM/ECF filing system and thereby furnished to counsel of record via email in the service list below:

Andrew I Warden, Esq.
andrew.warden@usdoj.gov

*Counsel for Defendants*

*s/ Chad W. Dunn*
Chad W. Dunn