**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-3072 (JEB) |

**MOTION FOR STAY PENDING MANDAMUS**

Defendants respectfully move for a stay pending mandamus of the Court's Minute Order entered October 30, 2026, ordering Defendants to disclose the "20,000-person list," or an administrative stay pending resolution of this motion.

Defendants reiterate their objection made at the hearing that Plaintiffs lack standing and have not met their heavy burden at the preliminary injunction stage of making a "clear showing" of "substantial likelihood of standing." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024); *Obama v. Klayman*, 800 F.3d 559, 565 (D.C. Cir. 2015). As detailed in Defendants' motion opposing the preliminary injunction (ECF No. 38), Plaintiffs' claims are far too attenuated and speculative to justify the order to disclose the list. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013). Indeed, the only two individuals Plaintiffs named as recently naturalized citizens likely to be harmed by this list have been shown by sworn declaration not to be on the list. (*See* ECF 38-5.).

Plaintiffs are not entitled to a fishing expedition based on speculation that discovery of the list could potentially improve their slim chances of establishing standing. *See In re Papst*

*Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 101 (D.D.C. 2008) (citation omitted) ("Jurisdictional discovery need not be permitted where," as here, "a plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction.").

The requested list to be disclosed contains sensitive law enforcement information subject to withholding by 5 U.S.C. 552b(c). That includes information likely to: "involve accusing any person of a crime," *id.* 552b(c)(5); "disclose information of a personal nature where disclosure would constitute a clearly unwarranted invasion of personal privacy," *id.* 552b(c)(6); or "disclose investigatory records compiled for law enforcement purposes," *id.* 552b(c)(7).

As a general rule, the Department of Justice does not confirm, deny, or release information about pending investigations, both to protect the integrity of any investigation and the rights of any accused. Disclosure of the existence or non-existence of an investigation or potential targets or scope of potential criminal activity under investigation could interfere with the pending investigation by informing individuals who are subjects or witnesses, thereby posing the risk of adversely affecting subsequent investigatory steps as well as the gathering of evidence. Disclosure may also alert other individuals, including future potential subjects and witnesses, about the scope of any investigation. Such a disclosure might influence their behavior or testimony in ways that may adversely affect any investigation, including by altering their testimony, taking defensive actions to conceal their activities or evidence, eluding detection, or altering, destroying, or fabricating evidence. For those reasons, disclosure of the list in this case would harm the government's compelling law enforcement interests.

Defendants intend to appeal the Court's Order requiring the public disclosure of sensitive law enforcement information and substituting the Court's judgment for that of Executive Branch officials that the release of the sensitive information could reasonably be expected to cause

irreparable harm through irreversible disclosure. Because compliance with the Court's Order would moot Defendants' right to appeal, Defendants respectfully move to stay the Order pending final resolution of any appeal of the Order. "[C]ourts have routinely issued stays where the release of documents would moot a defendant's right to appeal." *People for the Am. Way Found. v. U.S. Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (collecting cases in the FOIA context).

A stay pending mandums is appropriate where (1) the moving party has a substantial likelihood of success on the merits; (2) the moving party will suffer irreparable injury absent the stay; (3) the stay will not substantially injure the other parties interested in the proceeding; and (4) the public interest will be served by a stay. *Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009); *United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003) (citing *Washington Metro. Area Transit Comm'n, v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)). Those factors are not prerequisites to be met, but rather considerations to be balanced. Thus, "[a] stay may be granted with either a high probability of success and some injury, or vice versa." *Cuomo v. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

Here, enforcement of the Order before any appeal is heard and resolved will undoubtedly cause Defendants irreparable injury, forcing the disclosure of sensitive information with no remedy. The balance of harms and the public interest heavily favors a stay. For the reasons explained above, Defendants' arguments are likely to succeed on the merits of any appeal and, in any event, raise serious legal challenges to the Court's findings and holdings. For those reasons, a stay pending the government's appeal is warranted, as is an administrative stay pending resolution of this motion.

Alternatively, the Court should require Defendants to submit the list *in camera* and then

compare the list against any list the Plaintiffs provide.

At the very minimum the Court should issue a protective order on the docket that makes clear that the list may be disclosed to Plaintiffs' counsel of record in this case only, and that those individuals are prohibited from (1) disclosing or disseminating the list or its contents to anyone; (2) contacting anyone on the list; (3) using the list for any purpose other than standing analysis for this case only; and (4) disclosing names on the list to anyone outside of the protective order.

Dated: October 30, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

/s/ *Ty Turley Trejo*
TY TURLEY TREJO (DC Bar No. 90021747)
Counsel
United States Department of Justice
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530
Tel: (202) 532-0100
Ty.Trejo@usdoj.gov