**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COALITION FOR HUMANE IMMIGRANT RIGHTS, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Defendants.

Civil Action No. 1:26-cv-3072 (JEB)

**DEFENDANTS' MOTION TO STRIKE AND TO ORDER PLAINTIFFS TO SHOW CAUSE WHY THEY DID NOT VIOLATE THE COURT'S ORDER**

## INTRODUCTION

On Friday, following a telephonic conference with the parties, the Court ordered the government to disclose to Plaintiffs a list of over 20,000 individuals whom the government believes are highly likely to be noncitizens who were sent a vote-by-mail ballot to participate in the November 2026 federal election. The Court required disclosure of the list to Plaintiffs for the limited purpose of allowing Plaintiffs to determine whether CHIRLA members appear on the list.

After the government raised concerns about the potential for Plaintiffs to misuse the list, *see* ECF No. 41, the Court imposed strict conditions on the list's use and disclosure. As to use, Plaintiffs were permitted to use the 20,000 individual noncitizen list "in relation to their standing arguments only." Minute Order of Oct. 30, 2026. And as to dissemination, Plaintiffs were ordered not to provide the list to anyone other than "counsel of record, their legal assistant, their expert, and his data assistant" and not to "inform any person that his or her name is on the list." *Id.* The Court's limitations on the use and dissemination of the list were clear and unambiguous.

Relying on the Court's express limitations, the government elected not to seek mandamus to prevent disclosure of the list and promptly and in good faith complied with the Court's order to disclose the list, *see* ECF No. 43-1, Suppl. Decl. at 1, yet Plaintiffs violated the Court's limitation on use by using the list for non-standing purposes in ways that have prejudiced the government's law-enforcement efforts and litigation strategy in this case. The Court should strike paragraphs 21-26 of Plaintiffs' Expert Declaration, ECF No. 43-1, and references to those paragraphs in Plaintiffs' supplemental filing, ECF No. 43 at 2, because those paragraphs are immaterial to Plaintiffs' standing arguments, *see* Fed. R. Civ. P. 12(f) (permitting motions to strike "redundant, immaterial, impertinent, or scandalous" matter).

Plaintiffs' violation of the Court's Minute Order has caused prejudice to the government. The government's law-enforcement efforts have been prejudiced by Plaintiffs' misuse of the list because their experts' irrelevant analysis and assertions have been the subject of widespread and misleading media coverage critical of the government's efforts to ensure voter integrity.[1] Moreover, the government forbore from seeking mandamus to prevent disclosure of the list based on the Court's entry of an order limiting the use of the list, and the government reasonably believed that the Court would enforce that limitation. If the government had anticipated that the Court's limitation on using the list could be evaded, the government would have pursued mandamus to protect against disclosure of the list and preserve the integrity of its law enforcement efforts.

Given Plaintiffs misuse of the list, the government respectfully requests that the Court order Plaintiffs to show cause why they did not violate the Court's October 30 Minute Order. The Court should impose civil sanctions for this violation of the Court's Minute Order—for example, dismissing Plaintiffs' complaint and any other sanction that the Court deems appropriate. The Court should also consider referring this matter to the Department of Justice for investigation into possible criminal contempt by Plaintiffs and their counsel if they violated the order willfully. *See* 18 U.S.C. § 401; Fed. R. Crim. P. 42(a)(2). And given Plaintiffs' apparent noncompliance with the Court's limitation on use, the government also requests that the Court require Plaintiffs to certify that they have complied with the Court's restrictions on dissemination and have not

[1] *See* ABC7 News, Nicholas Riccardi, *Over 40% of names on DOJ list of alleged noncitizens are not on CA voter rolls*, *analysis finds*, Associated Press (Oct. 31, 2026, 6:55 P.M.), https://abc7ny.com/post/40-names-doj-list-alleged-noncitizens-are-not-california-voter-rolls-analysis-finds/20004097/; Democracy Docket, Jacob Knutson, *Immigrant rights group finds dozens of U.S. citizens on DOJ's California alleged noncitizen voter list* (Oct. 31, 2026), https://www.democracydocket.com/news-alerts/immigrant-rights-group-finds-dozens-of-u-s-citizens-on-dojs-california-alleged-noncitizen-voter-list/.

promoted their contumacious conduct to representatives of the media and other third parties to cast doubt on the government's law-enforcement efforts.

Counsel for the government conferred via email with counsel for Plaintiffs, who oppose the relief sought in this motion.

## LEGAL STANDARD

Rule 12(f) permits a court to "strike from a pleading . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The term "pleading," for Rule 12(f) purposes, includes "affidavits and declarations filed in support of technical pleadings." *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 263 n.1 (D.D.C. 2004). While motions to strike are "considered an exceptional remedy and … generally disfavored," a "court may carefully strike improper portions of a [filing]," while retaining proper portions. *Id.* at 263 (citation omitted). "Such decisions are within the sound discretion of the trial judge." *Id.*

A party moving for an order to show cause must put forward "some indication that sufficient evidence exists that the Court *might* find evidence sufficient to hold [the alleged contemnor] in contempt." *Stewart v. O'Neill*, 225 F. Supp. 2d 6, 10 (D.D.C. 2002). As for civil contempt, "[a] federal court has inherent authority to dismiss a lawsuit if a party fails to comply with a court order." *Hillman v. Am. Fed'n of Gov't Emps.*, No. 1:18-cv-999 (RCL), 2022 WL 2817750 (D.D.C. July 19, 2022) (citing *Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001); Fed. R. Civ. P. 41(b). In the D.C. Circuit there are three (nonexhaustive) justifications for dismissal as a sanction: First, "dismissal is warranted if plaintiff's actions prejudiced the defendant to the extent that it would be unfair to require the defendant to proceed with the case." *Id.* (citing *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998)). Second, "dismissal is warranted if plaintiff's misconduct placed a severe burden on the judicial system that cannot be

remedied by lesser sanctions." *Id.* And third, "dismissal is warranted if a court needs to sanction and deter misconduct by an attorney or party that disrespects the court." *Id.*; *accord Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000). For dismissal, a litigant's misconduct must also be accompanied by "willfulness, bad faith, or fault." *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv.*, LLC, 776 F.3d 1, 4 (D.C. Cir. 2015) (citation omitted). Federal Rule of Civil Procedure 16(f) grants a court additional authority to dismiss a lawsuit for failure to comply with a pretrial order. *See Hillman*, 2022 WL 2817750 at *1 (dismissing a case pursuant to Fed. R. Civ. P. 16(f) when plaintiffs did not comply with the court's pre-trial orders).

A court's authority to punish criminal contempt "is now codified in 18 U.S.C. § 401, which provides that any 'court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.'" *J.G.G. v. Trump*, 778 F. Supp. 3d 24, 38 (D.D.C.), *mandamus granted, order vacated*, 147 F.4th 1044 (D.C. Cir. 2025). "For a contemnor to be convicted of criminal contempt under § 401(3), it must be shown beyond a reasonable doubt: (1) that the court order was 'clear and reasonably specific'; (2) 'that the defendant violated the order'; and (3) 'that the violation was willful.'" *Id.* (quotation omitted). "The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney." Fed. R. Crim. P. 42(a)(2); *see also Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015) (explaining that courts also have the "inherent power" to impose sanctions for violating a court order, including "contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments") (citation omitted).

## ARGUMENT

### I. PLAINTIFFS VIOLATED THE COURT'S ORDER LIMITING THE USE OF THE GOVERNMENT'S LIST

Plaintiffs violated the Court's October 30 Minute Order limiting Plaintiffs' use of the list. Their declarant extrapolated and asserted opinions far beyond potential standing arguments for named plaintiffs in this case, instead opining on the list's completeness, accuracy, and other matters disconnected from whether any of CHIRLA's members appear on the list. Plaintiffs then repeated this extraneous material in their supplemental brief to ensure those inflammatory assertions would attract media attention criticizing the government's voter-integrity efforts. In fact, the headlines of the relevant media coverage parrot *only* the extraneous and improper analysis and statistics from paragraphs 21-26 of the Expert Declaration. *See supra* at 3.

For instance, Mr. Barreto and Mr. Rios speculated that there may be numerous errors in the list. ECF 43-1, Suppl. Decl. ¶ 21. That wildly speculative and unverified extrapolation is irrelevant to Plaintiffs' standing allegations. Indeed, Plaintiffs do not cite that speculation in their standing analysis. ECF 43 at 3-5. By CHIRLA's own telling, it has just over "50,000 active members," with only a *subset* of that number including "those who became naturalized citizens and are lawfully registered to vote." Compl. at 4. CHIRLA can claim associational standing at most as to that relevant *subset* of CHIRLA's ~50,000 membership. *Contra* ECF 43 at 3 ("The expert analysis further makes clear that the mandated voter list endangers a significant number of eligible California voters, *whether or not they are CHIRLA members or clients*.") (emphasis added). Plaintiffs' declarant's assessment of non-CHIRLA members statewide has no bearing at all on Plaintiffs' standing. The declaration therefore improperly and impertinently exceeded the bounds of this Court's October 30 Minute Order.

The declarants continued outside the proper ambit of analysis to opine that the list is

incomplete, has missing fields, contains duplications, and the like. Suppl. Decl. at 5.[2] Those dubious and unsupported claims, too, indisputably have no bearing on CHIRLA's or its members' standing. That exceeds the bounds of the Court's order.

In paragraphs 23-25, Mr. Barreto and Mr. Rios inappropriately criticize the granular details of the list, including the "author" of the Microsoft Excel file and the types of columns included (or not) in the list. Again, those details are irrelevant to CHIRLA's standing, including whether any of CHIRLA's citizen members appear on the list. The declaration thus violates the Court's order.

Plaintiffs then highlighted this extraneous material in their supplemental filing—but, tellingly, without connecting the experts' extraneous conclusions to their standing arguments. *Compare* ECF No. 43 at 2 (highlighting conclusions from ¶¶ 21 and 26 of Expert Declaration) *with* ECF No. 43 at 3-5 (discussing standing with no reliance on ¶¶ 21-26).

Plaintiffs' choice to use the list for purposes other than to establish their standing appears calculated to stir up media criticism, unfairly prejudicing the government, and countermanding this Court's express limitations.[3] Plaintiffs thus appear to have willfully violated the Court's clear order in an effort to give ammunition to the government's critics seeking to cast doubt on the

---

[2] The Department of Homeland Security Investigations reasonably believes that the voter rolls came from the California Secretary of State's Office. *See* Dec. of Eric McLoughlin, *United States v. California*, No. 2:26-cv-12025, Dkt. 107-3 ¶¶ 6-7 & Ex. A (Oct. 26, 2026 C.D. Cal.). Thus, any criticism about voter rolls based on a speculative analysis conducted within 24 hours is better directed at the State of California, rather than the federal government.

[3] *See, e.g.,* Democracy Docket, Jacob Knutson, *Immigrant rights group finds dozens of U.S. citizens on DOJ's California alleged noncitizen voter list* (Oct. 31, 2026), https://www.democracydocket.com/news-alerts/immigrant-rights-group-finds-dozens-of-u-s-citizens-on-dojs-california-alleged-noncitizen-voter-list/ ("Researchers who reviewed the list warned that these and other errors could lead to hundreds of thousands of people being wrongly identified as noncitizens."); PBS News, Nicholas Riccardi, *Analysis: More than 40% of names on DOJ list of alleged noncitizens not on California's voter rolls*, Associated Press (Oct. 31, 2026, updated 5:20 P.M. EDT), https://www.pbs.org/newshour/politics/analysis-more-than-40-of-names-on-doj-list-of-alleged-noncitizens-not-on-californias-voter-rolls ("More than 4 in 10 names flagged as possible noncitizen voters in California by the Trump administration cannot be found on the state's voter rolls, according to a legal filing Saturday by an immigrant-rights group.").

legitimacy of the federal law enforcement efforts to protect the integrity of the vote in California and elsewhere around the country. In addition, Plaintiffs' failure to comply with the Court's order has prejudiced the government in this litigation, because the government would have pursued mandamus to prevent disclosure of the list had the government known that Plaintiffs would use the list for these improper purposes.

Because these portions of the declaration are irrelevant to Plaintiffs' standing and violate the Court's Minute Order, the Court should strike them. "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Zaloga v. Provident Life & Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009). And courts have struck similar allegations that are irrelevant to a cause of action. *See A.B.T. Sightseeing Tours, Inc. v. Gray Line New York Tours*, *Corp.*, 242 F. Supp. 365 (S.D. N.Y. 1965) (striking allegations that lobbying activities were designed to suppress competition because they were not the type of conduct that fell within the scope of the Sherman Act at issue).

Given this evident violation and the clarity of the Court's Minute Order, the Court should also order Plaintiffs to show cause as to why they have not violated the Court's prohibition on using the list other than in relation to their standing arguments. Minute Order of October 30, 2026. *See Stewart*, 225 F. Supp. 2d at 10. The Court should also consider civil contempt to punish Plaintiffs' contumacious behavior—for example, by dismissing Plaintiffs' complaint as a sanction for violating the Court's Minute Order clearly limiting Plaintiffs' use of the list. And if the Court finds probable cause that Plaintiffs *willfully* violated the October 30 Minute Order, the Court should refer this matter to the Department of Justice for investigation and potential prosecution for contempt. Fed. R. Crim. P. 42(a)(2).

## II. THE COURT SHOULD REQUIRE PLAINTIFFS TO CERTIFY THEIR COMPLIANCE WITH THE COURT'S LIMITATIONS ON DISSEMINATION

Given Plaintiffs' disregard for the Court's limitations on use of the list, the Court should require Plaintiffs to certify that they have otherwise complied with the limitations in the Court's October 30 Minute Order. As to dissemination, the Court ordered Plaintiffs not to provide the list to anyone other than "counsel of record, their legal assistant, their expert, and his data assistant" and not to "inform any person that his or her name is on the list." Minute Order of Oct. 30, 2026. The Court should verify that Plaintiffs have strictly complied with this clear and unambiguous limitation and ensure Plaintiffs have not improperly promoted their contumacious behavior.

In particular, the Court should require Plaintiffs to file a declaration or notice that: (1) provides the names of all individuals to whom the list has been disseminated; (2) attests under penalty of perjury that each individual has complied with the Court's instruction that "Plaintiffs shall neither disclose names on the list to anyone nor inform any person that his or her name is on the list," Minute Order of Oct. 30, 2026; (3) certifies that Plaintiffs' counsel informed their experts of the Minute Order's limitations on use of the list; and (4) identifies all of Plaintiffs' and their agents' communications with third parties—including with representatives of the media or other nonprofits—regarding the contumacious paragraphs 21-26 of their experts' declaration and references to those paragraphs in their supplemental brief, which appear to have been drafted to stir up media criticism to unfairly prejudice the government's law enforcement efforts.

This filing should not be burdensome if Plaintiffs have complied with the Court's limitations on dissemination. And if Plaintiffs have not complied with the Court's Minute Order, the Court should impose a civil contempt remedy to prevent further dissemination of the list and to remedy Plaintiffs' promotion of their improper use of the list and consider potential referral to the Department of Justice under Rule 42(a)(2).

## CONCLUSION

For the above reasons, the Court should strike paragraphs 21-26 of Plaintiffs' supplemental declaration and related references in Plaintiffs' supplemental brief, issue an order to show cause why Plaintiffs have not violated this Court's limitations on use of the list, dismiss Plaintiffs' Complaint as a sanction for violating the Court's Minute Order, require Plaintiffs to certify their compliance with the Court's limitations on dissemination and promotion of the list, and impose any other sanction that the Court deems appropriate.

Dated: November 1, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

/s/ *Ty Turley Trejo*
TY TURLEY TREJO (DC Bar No. 90021747)
Counsel
United States Department of Justice Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530
Tel: (202) 532-0100
Ty.Trejo@usdoj.gov

*Counsel for Defendants*